[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS (#109)
In a complaint dated October 6, 2000, the plaintiff, EMC Mortgage Corporation, brought this foreclosure action against the defendants, Ralph J. Serafino, Jr. and Sallyanne Serafino, for alleged default by virtue of nonpayment on a note and mortgage owned by the plaintiff.[1]
On May 11, 2001, the defendants moved to dismiss the plaintiff's action on the ground that the court lacks subject matter jurisdiction as this CT Page 9313 foreclosure action was commenced in order to circumvent prior rulings by the court in favor of the defendants.[2] The following pertinent facts apply: in March of 1996, the plaintiff's predecessor-in-interest, First Union Mortgage Corporation (First Union), filed a foreclosure action against the defendants alleging that the defendants had defaulted on their note and mortgage payments owed to First Union. On October 28, 1997, while First Union's foreclosure action was pending, First Union assigned the note and mortgage to the plaintiff. Subsequently, First Union filed two motions to substitute named plaintiff in order to reflect the assignment of the note and mortgage to the plaintiff. Both of these motions were denied. In October of 2000, First Union withdrew its foreclosure action. Subsequently, the plaintiff brought the present foreclosure action which was followed by the motion to dismiss now before this court. Both parties filed a memorandum in support of and in opposition to the defendants' motion to dismiss.[3]
A motion to dismiss is the proper method by which to contest subject matter jurisdiction. Practice Book § 10-31(a)(1). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.)Barde v. Board of Trustees, 207 Conn. 59, 62, 593 A.2d 1000 (1988); see also Hospitality Systems, Inc. v. Oriental World Trading Co. Ltd., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 169927 (February 1, 2000, Karazin, J.).
There is a dispute among the parties on a number of issues. The defendants contend that First Union's motions to substitute named plaintiff were denied by the court because the court recognized that First Union was attempting to circumvent the court's order to comply with the defendants' 1997 discovery requests. The plaintiff argues that First Union's initial motion to substitute named plaintiff was denied because First Union had failed to attach a copy of the operative assignment. As for the second motion, the plaintiff maintains that it was filed purely to reflect the assignment of the note and mortgage by First Union to the plaintiff, but that nevertheless, the court denied the plaintiff's motion.
Furthermore, the defendants claim that by withdrawing its action, First Union was able to circumvent the court's rulings against it and essentially, allow the plaintiff to refile the same foreclosure action against the defendants. The plaintiff contends that First Union withdrew CT Page 9314 its foreclosure action in order to reflect the plaintiff's assignment and ownership of the note.
In light of all this, however, the court recognizes that it is well established in Connecticut that an assignee of a mortgage stands in the shoes of his assignor, with the same rights. See Reynolds v. Ramos,188 Conn. 316, 320 n. 5, 449 A.2d 182 (1982); see also Federal NationalMortgage Assn. v. Jessup, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 169417 (August 3, 1999, Hickey,J.). Furthermore, "where there is a valid assignment of a mortgage note, the assignee has a right to bring an action to foreclosure upon the assigned note as if he or she were the original mortgagee." (Internal quotation marks omitted.) Nationsbank of Virginia v. Micci, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 049046 (June 17, 1998, Curran, J.).
In the present case, the court finds that First Union made a valid assignment of the note and mortgage to the plaintiff. See Plaintiff's memorandum, Collier Aff., ¶ 3. Consequently, as the owner of the note and mortgage, the plaintiff has the right to bring its own foreclosure action as if it were the original mortgagee. See Nationsbank of Virginiav. Micci, supra, Superior Court, Docket No. 049046. Furthermore, the defendants have the same rights and discovery in this case as in any other case. Accordingly, the defendants' motion to dismiss is hereby denied.
RESHA, J.